IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | | |
|---|---|---|
| ROBERT JAY DAVIS, | : | |
| | : | |
| Petitioner, | : | |
| | : | |
| VS. | : | |
| | : | CIVIL NO. 5:15-CV-0297-CAR-MSH |
| Warden VANCE LAUGHLIN, *et al.*, | : | |
| | : | |
| Respondents. | : | |
| _____ | | |

**ORDER AND RECOMMENDATION**

Presently pending before the Court are Petitioner's motions to amend (ECF No. 11); for subpoenas (ECF No. 12); for production of state court records (ECF Nos. 14 & 17); for discovery (ECF No. 16); and for an evidentiary hearing (ECF Nos. 22 & 24). For the reasons explained below, Petitioner's various motions for discovery and for an evidentiary hearing are denied. It is also recommended that Petitioner's motion to amend be denied.

**DISCUSSION**

**I.   Motion to Amend**

On October 22, 2015, just nine days after Respondents filed their response to his Petition, Petitioner submitted a motion to amend his petition for writ of habeas corpus, seeking to add one additional ground for relief. (ECF No. 11.) Therein, Petitioner states that when the sentencing judge modified the special conditions of Petitioner's probation to include a permanent restraining order, the judge rendered Petitioner's "sentence illegal

and an indeterminate sentence violating O.C.G.A. § 17-10-1(a)(1)." Mot. to Amend 2-3. Federal Rule of Civil Procedure 15(a)(2)[1] provides that leave to amend pleadings should be "freely given . . . when justice so requires." However, "a district court may properly deny leave to amend the complaint under Rule 15(a) when such amendment would be futile." *Hall v. United Ins. Co. of Am.*, 367 F.3d 1255, 1262-63 (11th Cir. 2004). it would be futile to allow the amendment. As stated by Respondents, this proposed second enumerated error fails to state a claim for relief, as it does not present a federal constitutional question. Resp. in Opp'n to Mot. to Am. ¶ 6, ECF No. 15. This Court agrees.

Although Petitioner states that the addition of the permanent restraining order violates both Georgia's statutory laws and Petitioner's "federal constitutional rights under the Fourteenth Amendment Equal Protection . . . clause and due process clause[,]" Petitioner is asking this Court to evaluate whether his conviction, including the permanent restraining order, is in violation of state law: specifically, whether the permanent restraining order is in violation of O.C.G.A. § 17-10-1(a)(1).[2] Mot. to Am. 4. "[I]t is only noncompliance with *federal* law that renders a State's criminal judgment

---

[1] Rule 12 of the Rules Governing Section 2254 Cases in the United States District Courts states that "[t]he Federal Rules of Civil Procedure, to the extent that they are not inconsistent with any statutory provisions or these rules, may be applied to a proceeding under these rules."

[2] This section provides:
> Except in cases in which life imprisonment, life without parole, or the death penalty may be imposed, upon a verdict or plea of guilty in any case involving a misdemeanor or felony, and after a presentence hearing, the judge fixing the sentence shall prescribe a determinate sentence for a specific number of months or years which shall be within the minimum and maximum sentences prescribed by law as the punishment for the crime.

O.C.G.A. § 17-10-1(a)(1).

susceptible to collateral attack in the federal courts . . . federal habeas corpus relief does not lie for errors of state law. It is not the province of a federal habeas court to reexamine state-court determinations on state-law questions." *Wilson v. Corcoran*, 562 U.S. 1, 5 (2010) (quoting *Estelle v. McGuire,* 502 U.S. 62, 67-68 (1990)) (internal citations and quotation marks omitted) (emphasis in original). Moreover, to the extent this proposed enumerated error can be construed as an allegation that the sentencing is indeterminate and therefore violates federal law, Petitioner has already asserted such an argument in his original petition as his first and only enumerated error. Pet. 6. Therefore, this proposed second error either fails to state a claim or is unnecessarily duplicative. It is therefore recommended that the motion to amend be denied.

## II.     Motions for Discovery

Petitioner filed a number of motions requesting that this Court issue subpoenas (ECF No. 12); compel the production of state court records at no expense to Petitioner (ECF Nos. 14 & 17); and for discovery in general (ECF No. 16).[3] In each of these motions, Petitioner seeks to obtain a copy of the permanent restraining order that Petitioner contends rendered his sentence unconstitutional. Respondents contest these motions (ECF Nos. 13, 18, 19), arguing that Petitioner cannot establish "good cause"

---

[3] Petitioner also requests appointment of counsel. (ECF No. 14 at 2-3.) Petitioner seemingly argues that because an evidentiary hearing is necessary in light of the Government's failure to produce a copy of the restraining order, the Court must appoint him counsel to assist during the evidentiary hearing. *Id.* A petitioner is entitled to counsel in a habeas proceeding when counsel is necessary for "effective discovery," or when an evidentiary hearing is warranted. *See* Rules Governing Section 2254 Cases Rules 6(a), 8(c). As discussed *infra*, an evidentiary hearing is not necessary for the Court to determine the merits of the petition and therefore Petitioner's motion to appoint is denied.

under Rule 6(a) of the Rules Governing § 2254 Cases[4] and also that he is "not entitled to have documents transmitted by the state courts to this Court at government expense."[5]

Rule 6(a) of the Rules Governing § 2254 Cases provides that "[a] party shall be entitled to invoke the processes of discovery available under the Federal Rules of Civil Procedure, if, and only to the extent that, the judge in the exercise of his discretion and for good cause shown grants leave to do so, but not otherwise."  Additionally, courts are duty bound to "provide the necessary facilities and procedures for adequate inquiry" into a habeas petition *only* "where [there are] specific allegations before the court [that] show reason to believe that the petitioner may, if the facts are fully developed, be able to demonstrate that he is . . . entitled to relief."  *Harris v. Nelson*, 394 U.S. 286, 300 (1969).  Petitioner fails to establish "good cause" under Rule 6(a) to discover the specific document he requests.  *See Bracy v. Gramley*, 520 U.S. 899, 904 (1997).

Discovery to permit Petitioner to obtain a copy of the permanent restraining order from either the trial judge or the Superior Court Clerk of Peach Court is unnecessary, as Petitioner himself states that there was never a separate, written permanent restraining order.  *See* First Mot. for Produc. of State Court Records 2, ECF No. 14.   Accordingly, such an order cannot be produced or subpoenaed because it does not exist.  Petitioner's motions for subpoenas (ECF No. 12), for production of state court documents (ECF Nos. 14 & 17), and for discovery (ECF No. 16) are thus denied.

---

[4] *See* Resp't's Opp'n to Mot. for Subpoenas ¶¶ 4, 5, 6, ECF No. 13; *see also* Resp't's Opp'n to Mot. for Disc. ¶¶ 4, 5, 6, ECF No. 18.
[5] Resp't's Opp'n to First Mot. for Produc. of State Court Records ¶ 3, ECF No. 19.

### III.     Petitioner's Motions For an Evidentiary Hearing

Finally, Petitioner also moves for an evidentiary hearing (ECF Nos. 22 & 24), claiming that because Respondents cannot produce the permanent restraining order, an evidentiary hearing is necessary to "perfect the record for appellate review." "If the [petitioner] has failed to develop the facts, an evidentiary hearing cannot be granted unless the [petitioner's] case meets the other conditions of § 2254(e)(2)." *Williams v. Taylor*, 529 U.S. 420, 430 (2000). Section 2254(e)(2) provides:

> If the applicant has failed to develop the factual basis of a claim in State court proceedings, the court shall not hold an evidentiary hearing on the claim unless the applicant shows that:
>
> (A)   The claim relies on- (i) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or (ii) a factual predicate that could not have been previously discovered through the exercise of due diligences; and
>
> (B)   The facts underlying the claim would have be sufficient to establish by clear and convincing evidence that but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

28 U.S.C. § 2254(e)(2). Petitioner has not alleged, let alone established, that his case meets these requirements. Petitioner's motions for evidentiary hearings (ECF Nos. 22 & 24) are therefore denied.

### CONCLUSION

For the reasons explained above, it is recommended that Petitioner's motion to amend (ECF No. 11) be denied. Petitioner's motion for subpoenas (ECF No. 12), for the production of state court records (ECF Nos. 14 & 17), for discovery (ECF No. 16), and

for an evidentiary hearing (ECF Nos. 22 & 24) are denied. Pursuant to 28 U.S.C. § 636(b)(1), the parties may serve and file written objections to this Recommendation, or seek an extension of time to file objections, within fourteen (14) days after being served with a copy hereof. The district judge shall make a de novo determination of those portions of the Recommendation to which objection is made. All other portions of the Recommendation may be reviewed for clear error.

The parties are hereby notified that, pursuant to Eleventh Circuit Rule 3-1, "[a] party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object. In the absence of a proper objection, however, the court may review on appeal for plain error if necessary in the interests of justice."

SO ORDERED and RECOMMENDED this 14th day of July, 2015.

/s/ Stephen Hyles  
UNITED STATES MAGISTRATE JUDGE